IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | 4:22-cr-00297-1 SRC |
| JOHN COLLINS-MUHAMMAD, | ) ) ) |  |
| Defendant. | ) |  |

**MOTION FOR SENTENCE REDUCTION PURSUANT TO
18 U.S.C. § 3582 AND RETROACTIVE AMENDMENT 821, USSG**

COMES NOW Defendant, John COLLINS-MUHAMMAD, by and through his attorney, Jeffrey A. Goldfarb, and moves, pursuant to 18 U.S.C. § 3582(c), Sentencing Guidelines §1B1.10 and Amendment 821, for a reduction of the 45 month sentence this Court imposed on December 6, 2022. For the reasons stated below, Defendant asks that the Court reduce his sentence to 30 months or to a lower sentence within the new range as stated below. In support of this motion, he states as follows:

1. On August 23, 2022, Defendant entered pleas of guilty to Theft or Bribery Concerning Programs Receiving Federal Funds (Count I), Use of Interstate Facilities in Aid of Acceding to Corruption and Official Misconduct in a Racketeering Enterprise (Count III) and Wire Fraud (Count V).[1] Defendant was sentenced on December 6, 2022. See Presentence Investigation Report at 1.

---

[1] Defendant was not named in any other counts.

1

2. At the sentencing hearing, this Court found that COLLINS-MUHAMMAD'S base offense level was 14 and the total offense level was 21. Additionally, this Court determined Defendant had zero criminal history points and, thus, his Criminal History Category was I, producing a suggested Guidelines imprisonment range of 37 to 46 months. Thereafter, Defendant was sentenced to a term of 45 months to be followed with three years of supervised release. Defendant is currently serving the 45-month sentence and the Bureau of Prisons projects his release date to be November 7, 2025.

3. Upon review of all pertinent information, COLLINS-MUHAMMAD <u>is eligible</u> for a reduction of his sentence in light of the retroactive application of Amendment 821 to Chapter Four of the Guidelines (Amendment 8 of the amendments submitted to Congress on April 27, 2023) and pursuant to 18 U.S.C. § 3582(c) and the policy statement of § 1B1.10.[2] Specifically, Subpart 1 of Part B of the amendment creates a new Chapter Four guideline at § 4C1.1 (Adjustment for Certain Zero-Point Offenders). The new § 4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A, and whose instant offense did not involve specified aggravating factors. COLLINS-MUHAMMAD meets the eligibility criteria identified by the Commission.[3]

---

[2] Chapter Four of the Guidelines was amended effective November 1, 2023, providing for targeted, evidence-based changes to certain criminal history rules. See USSG Amendment 821. The Sentencing Commission has determined that both parts of the criminal history amendment are retroactive – regarding "Status Points" (Part A) and "Zero Point Offenders" (Part B, Subpart 1) – for purposes of the policy statement USSG § 1B1.10.

[3] (1) Defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the

4. In establishing the new § 4C1.1, the Commission was informed by its studies of recidivism among federal offenders, consideration of other extensive data analysis of offenders with no criminal history points, and public comments. Overall, the recidivism data explained that "offenders with zero criminal history points have considerably lower recidivism rates than other offenders, including offenders with one criminal history point."[4] Among other findings, it concluded that "zero-point offenders were less likely to be rearrested than "one point" offenders.[5] The amendment referenced herein applies to offenders with no prior convictions, offenders who have prior convictions that are not counted because they were not within the time limits set forth in §4A1.2 and offenders who have prior convictions that are not used in computing the criminal history score for reasons other than their "staleness" (i.e., minor misdemeanor convictions, or infractions and foreign or tribal court sentences). According to the Commission, "[a]pplying these changes retroactively will increase fairness in sentencing."

---

offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. USSG § 4C1.1(a)(Nov. 1, 2023).

[4] See Reason for Amendment, 2023 Amendments to the Sentencing Guidelines submitted to Congress April 27, 2023, at 107, available at
 https://www.ussc.gov/sites/default/files/pdf/amendment-process/federal-register-notices/202305_FR.pdf

[5] *Id.*

5. As amended, § 4C1.1 reduces Defendant's total offense level by two levels resulting in a new total offense level of 19 and a suggested Guideline range of 30 to 37 months, based on a Criminal History Category of I.

6. Accordingly, COLLINS-MUHAMMAD respectfully requests the Court reduce the sentence originally imposed pursuant to Amendment 821. Specifically, he requests that the Court impose an amended sentence of 30 months imprisonment or a sentence that is less than 45 months and that is within the new guideline range.

7. Section 3582(c)(2) authorizes the district court to re-calculate Defendant's sentencing range under the amendment and determine an appropriate sentence in accordance with the applicable § 3553(a) factors. The policy statement § 1B1.10 provides that courts have discretion in determining whether, and to what extent, to reduce the sentence for any person eligible to be considered for retroactive application of an amended Guideline. Courts may also consider a defendant's conduct while incarcerated. USSG § 1B1.10, comment. (n.1).

8. The seriousness and gravity of Defendant's actions are not lost on counsel. This case related to activities that violated the public's trust in government. It is for that reason, counsel assumes, this Court, while remaining within the Guidelines, determined that the low-end was not appropriate. The sentence of 45 months represented approximately a 22% increase from the low-end of the range. Should this Court determine Defendant should receive a reduction and should it further seek to maintain a comparable sentence within the new range, a sentence of 37 months would do so and would change Defendant's projected release date from November of 2025 to March of 2025. However, actions Defendant did to

improve himself since sentencing should be considered.  Defendant, without knowledge that it could result in a potential change in his sentence, completed a parenting program.  Likewise, he also took part in a program addressing physical health and wellness.  Of significant import, Defendant completed a course in financial improvement.  As Defendant had no history of substance abuse, he did not qualify for any drug addiction programs.  Defendant did, though, complete additional educational courses in marketing and history.  Without question, counsel understands this Court may not initially believe Defendant should receive a reduction in his sentence considering the actions he took in this case.  However, the specific changes in the Guidelines were made based upon data analysis of similar offenders as well as tracking recidivism rates of people without a prior criminal history.  While the Court may disagree with counsel's request for a sentence at the low-end of the Guidelines, a reduction of some amount does seem appropriate.  Upon making the changes to the Guidelines, it was determined that the changes should apply retroactively.  Thus, the question is what the Court would have sentenced Defendant to had the Guideline range been 30-37 months as it is now?  If Defendant knew about the changes and that they would be retroactive, the programs he completed would not likely be persuasive.  However, since Defendant was sentenced long before the amendments were discussed and approved, it is clear his efforts since sentencing to improve himself were sincere.  That is, Defendant took it upon himself to make changes, to be a better person when he is released, to ensure he will never be in a similar situation again and to be a better spouse and father all without any reason to believe it would cause his sentence to be reduced.

As this Court is aware, Defendant's father was not a role model, having been incarcerated since Defendant was a year old. His mother 'left the family' when he was an infant and he only ever saw her twice since being an adult. (PSR ¶ 103). Without parents, Defendant was adopted by his paternal grandmother. When she passed, he was adopted by his aunt and her niece. (Id.). Counsel recognizes people's childhood traumas should not <u>always</u> be a basis for a variance or even a sentence at the low-end of the guideline range. However, Defendant suffered significantly throughout his entire adolescence and still worked hard to overcome those obstacles. Not only did he graduate from high school, but he took some college courses. His initial entry into government was based on a desire to help others and nothing more. Rather than sinking into despair about his horrible childhood and blaming others for his plight, Defendant sought to make a difference by serving his community. Generally, when arguing childhood issues should be considered by a court, counsel looks to the probation office to see if they raised the issue in the PSR. As this Court is aware, pursuant to 18 U.S.C. § 3553(a), the probation office suggested the Court consider a sentence <u>below the guideline range</u>, not just at the low-end of it. This suggestion was based upon Defendant's difficult upbringing. (PSR ¶ 151).

Overall, considering the new range attributable to Defendant, he respectfully requests the Court consider reducing his sentence. Defendant has taken great steps to change himself and did so because he believed it was appropriate. He is working to be a better person and continues to be remorseful for his actions. Since the new range allows this Court to sentence Defendant to 30 to 37 months, Defendant requests the Court consider the low-end of the range after taking into account all that he has done since being sentenced.

9. On January 16, 2024, the Probation office notified the Court that, as amended, Defendant's total offense level is 19 and sentencing range is 30-37 months. Defendant agrees with this analysis.

WHEREFORE, as Defendant qualifies for a sentence reduction under Amendment 821, and as his guideline range decreased significantly upon the application of the changes, it is respectfully requested that the Court reduce his sentence. Specifically, Defendant asks the Court to enter an amended Judgment reducing his sentence to 30 months imprisonment or to a sentence lower than 45 months but within the new range of 30-37 months.

Respectfully submitted,
THE GOLDFARB LAW FIRM, L.L.C.

By: /s/ Jeffrey A. Goldfarb
Jeffrey A. Goldfarb, #45091MO
222 South Meramec, Suite 203
St. Louis, Missouri 63105
Ph: 314/229-1028
Fx: 314/897-5737
Jeff@314law.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was forwarded via automatic operation of the Court's electronic filing system on 1/18/24 to all parties.

By: /s/ Jeffrey A. Goldfarb